Johnson, J.
delivered the opinion of the Court.
The leading question arising out of the clerk’s taxation, is whether it ought to have been made according to the old fee-bill of 1791, or the new fee-bill of 1827.
The 6th sec. of the act of 1827 declares, “ that this act shall be construed as applying to all cases to be taxed, and upon which executions shall issue, after the first day of March next;” and most of the services charged were rendered before that time, but the costs were taxed and the executions issued afterwards.
The Legislature have left no room to doubt that they intended that all bills of costs, to be taxed after the 1st of March, should be regulated by the act. It results from the grammatical construction of the sentence., and the natural import of the terms used, and we are not at liberty to substitute a different interpretation. The judgment which fixed the rights of the parties, and awarded costs to the defendant, was rendered subsequently to the time limited in the act, and must necessarily have relation to its provisions. There is then no foundation for the objection that the act has a retrospective operation, and is a violation of that provision of the constitution, which prohibits the Legislature from passing a law impairing the obligation of contracts, even if it be admitted that costs can be put upon that footing. But that idea is, I think, equally fallacious, As between the parties themselves they partake more of the nature of a penalty than a contract.
Having thus disposed of the preliminary question, I will now proceed to take up the objections which have been started to the taxation pf the particular items in the bill,
*189 The first maintains the general position, that although the defendants plead severally, yet if they join in any matter involving costs, and the plaintiff recover against one or more of them, the others cannot tax those costs against him.
_ , , , , ■ „ . . .. , 1 entertain no doubt 01 the correctness or this position ; the well established rule is, that if several defendants join in a de-fence and the plaintiff recover only against one, the rest shall not have costs : and the same rule must obtain as well when there is a partial as a general joinder in the defence. The case supposed in another objection,, and which for that reason I will consider here, will serve as an illustration and show the application of the rule.
One or more of the defendants, against whom the plaintiff recovered, took out commissions to examine witnesses, and this defendant also put in interrogatories to examine the same witness in the same commission. The act of 1827, allows eight dollars for every commission to examine witnesses, or for filing cross interrogatories; which I understand to include all the services of the attorney connected with the execution of a commission to examine witnesses, whether there be one or more witnesses, or whether there be one or more parties, or one or more sets of interrogatories, direct or cross, and whether it be taken out by plaintiff or defendant. Now it will not be pretended, that the plaintiff is liable to the expenses incurred by the defendants, against whom he recovered : nor does the act furnish a rule, by which the relative proportion of the expenses of the several defendants can be ascertained ; and the Court is not authorized to make one.
There were, I think, originally six defendants to this suit: now let us suppose that all these defendants had put in either direct or cross interrogatories, to examine the same witness in the same commission,- and that the plaintiff had recovered against one only. The effect, according to the principle on which this bill is taxed, would be that the plaintiff would be intitled to tax the defendant against whom he recovered, with the expenses of the commission, and each of the other five defendants would be intit-led to tax him with the same amount; so that one commission and the interrogatories would be made to cost forty-eight dollars when tlie act allows only eight. This is not admissible.
*190 The next objection is to the charge of five dollars for special matter and argument of counsel, on a motion for a continuance. I concur with the plaintiff that he is not liable to this chargé. That allowance is for special matter and argument on trial in circuit. Now a trial and continuance are antipodes; at any rate they cannot mean the same thing. This charge must therefore be rejected.
The last objection is, that the clerk taxed the attendance of witnesses, without the production of the subpoena, and without proof that the defendants had paid the witnesses, or that they demanded the compensation allowed by law. The jper diem allowance for the attendance of witnesses, was never int'ended as a provision for those that were accidentally present at the trial; and regularly therefore, the costs of attendance cannot be taxed, without proof that the witness was subpoenaed. The affidavit of the witness himself is the highest evidence that he did attend the Court, and can never be dispensed with, if he is living. This is the practice, and this case furnishes the first instance in which I have known it departed from. I cannot see how the fact can be proved without it. He may be in the Court during the whole term, and- every one there may know it, but how can they know lie was in attendance as a witness under a subpoena in a particular cause. If they did, how can they know that he intended to charge the party for his attendance. Every one knows that gentlemen necessarily attending a Court on other business, or feeling superior to such a pittance as is allowed for the attendance of a witness, do not always think proper to demand it; and it never yet entered the mind of any one, that the prevailing party had the right to tax his attendance, if the witness himself did not charge for it. His own affidavit is received as evidence that he does, and without that, or some other sufficient proof of the fact, it ought not to be taxed.
It is therefore ordered that the clerk open the taxation of costs in this case, and reform the bill upon the principles of this decision.
Motion granted.